89 F.3d 826
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
In re Diana LANDIS Plaintiff-Appellant,
Diana LANDIS, Plaintiff-Appellant
v.
Lisa WEIMAN, Frank Weiman, Defendants-Appellees.
 No. 95-5029.
 United States Court of Appeals, Second Circuit.
 Nov. 14, 1995.
 
 Appeal from the United States District Court for the Southern District of New York (Duffy, Judge).
 APPEARING FOR APPELLANT: M. VINSON HAYES.
 APPEARING FOR APPELLEE: JAMES M. MORRISSEY, Cassin Cassin & Joseph, New York, NY.
 S.D.N.Y.
 AFFIRMED.
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 Diana Landis, pro se but appearing by counsel at argument, appeals from a judgment of the United States District Court for the Southern District of New York (Duffy, J.), dismissing her appeal of an order of the bankruptcy court. We affirm.
 
 
 1
 On February 22, 1994, the cooperative corporation which issued Landis a stock certificate and proprietary lease for her unit conducted a foreclosure sale of the premises. Title was transferred on March 17, 1994, and the new owners proceeded to evict Landis. On June 6, 1994, the Housing Court issued a warrant of eviction against Landis. On June 30, Landis filed a Chapter 13 bankruptcy petition to stay the new owners from acquiring possession. On August 10, 1994, on motion by the new owners, the bankruptcy court vacated the automatic stay. Landis appealed.
 
 
 2
 While her appeal to the district court was pending, Landis was evicted in October 1994. On November 22, 1994 the bankruptcy court dismissed the petition, explaining that her proposed plan, which was dependent on repurchase of the cooperative unit, was not confirmable as a matter of law. On March 15, 1995, the district court dismissed Landis's appeal for lack of jurisdiction.
 
 
 3
 When events transpire during the pendency of an appeal that would prevent the appellate court from fashioning effective relief, the appeal is moot. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). Mootness in bankruptcy appellate proceedings is "premised on jurisdictional and equitable considerations stemming from the impracticability of fashioning fair and effective judicial relief." In re Public Service Co. of New Hampshire, 963 F.2d 469, 471 (1st Cir.), cert. denied, 113 S.Ct. 304 (1992). Since Landis retained no further interest in the cooperative unit after her eviction following vacation of the automatic stay, no appellate court can grant a meaningful remedy on her petition. See, e.g., In re Chateaugay Corp., 988 F.2d 322, 325 (2d Cir.1993). Thus, Landis's appeal is moot, and the district court properly dismissed it. For this reason, we affirm.